# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

GOWEN OIL COMPANY, INC.,      *
                   *
     Plaintiff,           *
                   *
     vs.                  *
                   *        CV 210-157
BIJU ABRAHAM; GREENBERG TRAURIG, *
LLP; GREENBERG TRAURIG, P.A.;     *
JOSEPH WEINGARD; and        *
JONATHAN WILLIAMS,        *
                   *
     Defendants.          *

## ORDER

Presently before the Court is Defendants Greenberg Traurig, LLP and Greenberg Traurig P.A.'s (collectively "Greenberg") Motion for Attorneys' Fees. Dkt. No. 192. Also before the Court is Greenberg's Motion for Costs Pursuant to Federal Rule of Civil Procedure 54. For the reasons stated below, Greenberg's Motion for Attorneys' Fees is **GRANTED** and Greenberg's Motion for Costs is **GRANTED**.

## BACKGROUND[1]

Plaintiff Gowen Oil Company Inc., ("Gowen") sued Greenberg based on legal work done for a client, Biju Abraham. Specifically, Gowen claimed that Greenberg participated in a conspiracy with Abraham to undermine Gowen's alleged contractual rights to purchase a number of filling stations.  Gowen claimed that Greenberg tortiously interfered with Gowen's right of first refusal with regards to the sale of the filling stations.  In part, Gowen's claims were based on violations of Georgia's Bulk Transfer Act.  Defendants removed the case to this Court based on diversity jurisdiction.

The ensuing litigation was complex, involving extensive discovery and substantial motion practice.  Both parties sought extended discovery due to the large number of parties, the large number of witnesses, the complex factual issues, and the need for discovery outside the United States.  Dkt. No. 76.  Gowen relied on numerous expert witnesses and sought to depose up to fifteen other individuals.  Dkt. No. 21, 22, 23, 24. Ultimately, Gowen sought $35,543,940.17 in compensatory damages as well as punitive damages, attorneys' fees, and costs.  Dkt. No. 175, at 15-17.

---

[1] The facts of the underlying dispute are set out more fully in the Court's September 3, 2010 order addressing Defendants Greenberg and Weingard's motions for summary judgment and Defendant Williams's motion to dismiss. Dkt. No. 185.

On March 31, 2010, while discovery was still open,
Greenberg sent an offer of settlement to Gowen pursuant to
O.C.G.A § 9-11-68(a).  Dkt. No. 192, Ex. A.  Gowen neither
accepted nor rejected the offer.

On May 26, 2010, Greenberg filed a motion for summary
judgment.  Dkt. No. 124.  On September 3, 2010, this Court
granted Greenberg's motion for summary judgment on all of
Gowen's claims.  Dkt. No. 185.  On October 21, 2010, Greenberg
filed a motion for attorneys' fee and expenses pursuant to
O.C.G.A. § 9-11-68.  Dkt. No. 192.  The Court entered final
judgment in favor of Greenberg on all of Gowen's claims against
Greenberg on January 13, 2011.  Dkt. No. 214.

Greenberg's motion for attorneys' fees, the motion now
before the Court, seeks attorneys' fees and expenses incurred
between May 4, 2010 and November 7, 2010.  See Dkt. No. 211-1
(providing itemization of Greenberg's requested fees and
expenses).  Greenberg claims it is entitled to $272,031.90 in
attorneys' fees and $9,230.25 in litigation expenses, totaling
$281,262.15.  Id.  Greenberg asserts that it is actually
entitled to attorneys' fees and expenses up until the entry of
final judgment on January 13, 2011, however Greenberg has not
sought to supplement its original motion to recover the
additional fees and expenses.  Greenberg is seeking fees
generated by thirteen individuals: Richard H. Sinkfield (Senior

Partner); Brett A. Rogers (Partner); James W. Beverage (Of Counsel); Catherine M. Bennett (Of Counsel); Kristina M. Jones (Associate); Fischer Reed (Associate); Leah A. Epstein (Associate); Stephanie H. Jackman (Associate); Aisha N. Witted (Litigation Support); Debra L. Livingston (Paralegal); Patricia G. Benjamin (Paralegal); Robyn D. Garcia (Paralegal); and Casey R. White (Paralegal).

Greenberg also filed its bill of costs and a motion for costs pursuant to Federal Rule of Civil Procedure 54. Dkt. Nos. 203; 254. Gowen objected to Greenberg's bill of costs, but did not file a response to Greenberg's motion for costs. Dkt. No. 204. Gowen's objection to Greenberg's bill of costs is based on a single argument: Gowen claims that a portion of the costs sought are for videotaping witness depositions. Id. Gowen claims that Greenberg is not entitled to recover these costs because it was unnecessary to videotape the depositions.

## DISCUSSION

### I. Motion for Attorneys' Fees

Greenberg seeks attorneys' fees and expenses under Georgia's offer of settlement statute, O.C.G.A. § 9-11-68. The Georgia statute provides an award of attorneys' fees and expenses to a defendant who makes a valid offer of settlement that is rejected, and the final judgment is one of no liability

or less than 75 percent of the defendant's offer.[2]   An award of attorney's fees is mandatory under the offer of settlement rule when the rule's conditions are met.   Cohen v. Alfred and Adele Davis Acad., Inc., 714 S.E.2d 350, 353 (Ga. Ct. App. 2011).   In order for a party to recover  attorney's fees under Georgia's offer of settlement rule, the party must make an offer of settlement that complies with O.C.G.A. § 9-11-68(a).   Greenberg made an offer of settlement to Gowen on March 31, 2010.   The offer complied with the requirements of O.C.G.A. § 9-11-68(a). Moreover, Gowen has not disputed the validity of Greenberg's settlement offer.

Gowen failed to respond to Greenberg's offer of settlement. Under O.C.G.A. § 9-11-68(c), a valid offer of settlement remains open for thirty days.   Further, "[a]n offer that is neither withdrawn nor accepted within 30 days shall be deemed rejected." O.C.G.A. § 9-11-68(c).   Accordingly, Greenberg's offer was deemed rejected on April 30, 2010.[3]   Gowen does not dispute the date of rejection of the offer.

---

[2] Specifically, O.C.G.A. § 9-11-68(b)(1) states:

> If a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

[3] Rejection occurred on April 30, 2010, but Greenberg only seeks fees and expenses incurred since May 4, 2010.

Although Gowen appears to concede that O.C.G.A. § 9-11-68 applies in this diversity suit,[4] and that Greenberg has satisfied the basic requirements of the statute, Gowen challenges the amount and nature of the fees Greenberg requests.[5] Dkt. Nos. 226, 240, 257.  Gowen argues generally that the rates and hours that form the basis of Greenberg's request are unreasonable.

**A. Actual Attorneys' Fees Incurred**

The Court begins its analysis by defining the actual attorney's fees Greenberg incurred and now requests. Greenberg's calculation of its attorneys' fees warrants some explanation.  Greenberg determined that during the relevant period its attorneys spent 1,176.2 hours on this case resulting

---

[4] Plaintiff offers no case law or analysis suggesting that O.C.G.A. § 9-11-68 is inapplicable in this diversity suit.  Although the Eleventh Circuit has not addressed whether O.C.G.A. § 9-11-68 is properly applied in diversity suits, at least one district court has.  In Wheatley v. Moe's Southwest Grill, LLC, the Northern District of Georgia held that O.C.G.A. § 9-11-68 is substantive and not in direct collision with Federal Rule of Civil Procedure 68, and therefore, it is proper to apply the Georgia rule in diversity suits.  580 F. Supp. 2d 1324, 1328 (N.D. Ga. 2008).  This Court agrees with Wheatley, and holds that Eleventh Circuit case law supports application of the Georgia offer of settlement rule in diversity suits.  See also 1 Robert L. Rossi, Attorney's Fees § 10:5, "Applicability of State Law [in Federal Courts]" (2011) ("In diversity actions . . . the federal courts, in absence of countervailing equitable principles, apply state law with regard to the allowance or disallowance of attorney's fees.").

[5] Gowen's challenges are painted with a broad brush.  For example, Gowen asserts that paralegal fees as a whole are unrecoverable.  Dkt. No. 257, at 8.  Similarly, Gowen claims that fees incurred after the entry of summary judgment in favor of Greenberg are unrecoverable.  Id.  Gowen disputes very few individual, discrete aspects of Greenberg's bills.  The Court notes that "[g]eneralized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight." Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988).

in $400,318 in fees.[6]  Due to the relationship between Greenberg and its attorneys, Greenberg negotiated two discounts on its fees.  First, Greenberg received an overall 10% discount on all fees incurred in this case.  Consequently, Greenberg's fees were reduced from $400,318 to $360,268.20.  Additionally, Greenberg received a $150,000 cap on certain fees, for example, on briefing Greenberg's motion for summary judgment.  The cap resulted in another $89,932.75 discount to Greenberg, thus reducing the total fees to $274,353.45.  Finally, Greenberg voluntarily choose not to seek recovery of fees for employees whose total billing was less than $1,000.  That reduction

---

[6] Greenberg's initial calculation of its fees is the result of multiplying the number of hours worked by its employees by their respective hourly rates. The calculation is as follows:

| | Hours | Rate | Total |
|---|---|---|---|
| Richard H. Sinkfield (Senior Partner) | 89.4 | $565 | $50,511.00 |
| Brett A. Rogers (Partner) | 157.5 | $395 | $62,212.50 |
| James W. Beverage (Of Counsel) | 101.7 | $435 | $44,239.50 |
| Catherine M. Bennett (Of Counsel) | 205.5 | $425 | $87,337.50 |
| Kristina M. Jones (Associate) | 78 | $335 | $26,130.00 |
| Fischer Reed (Associate) | 136.7 | $265 | $36,225.50 |
| Leah A. Epstein (Associate) | 158.6 | $260 | $41,236.00 |
| Stephanie H. Jackman (Associate) | 20.5 | $240 | $4,920.00 |
| Aisha N. Witted (Litigation Support) | 20.8 | $215 | $4,472.00 |
| Debra L. Livingston (Paralegal) | 80 | $215 | $17,200.00 |
| Patricia G. Benjamin (Paralegal) | 14.8 | $210 | $3,108.00 |
| Robyn D. Garcia (Paralegal) | 83.5 | $210 | $17,535.00 |
| Casey R. White (Paralegal) | 15.9 | $155 | $2,464.50 |
| Work performed by timekeepers for whom Greenberg is not seeking recovery | 13.3 | | $2,726.50 |
| **Totals** | 1176.2 | | $400,318.00 |

eliminated another $2,321.55 in fees, thus reducing the request to $272,031.90.

Greenberg has submitted extensive support for its requested fees and costs.  In particular, Greenberg has produced affidavits from all but one of the individuals who performed work on this case.  Dkt. No. 211, Exs. 1, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24.  Additionally, Greenberg has provided detailed itemized bills documenting every action performed on behalf of its attorneys, and background summaries or resumes for each staff member claiming to have worked on the case.  See generally Dkt. No. 211.  Importantly, Greenberg submitted the affidavit of Phillip R. Taylor as an expert on the reasonableness of Greenberg's request.  Id.  Greenberg also submitted the affidavit of Wallace E. Harrell, counsel for another defendant in this suit, and Richard G. Garrett, Greenberg's Chief Legal Officer.  Id.  The Court also points out that it conducted a hearing on the issue of attorneys' fees, expenses, and costs at which counsel for both sides presented extensive argument on the disputed fees.  Accordingly, Greenberg has provided ample and specific evidence demonstrating the actual fees it incurred.

**B. Reasonableness of the Attorneys' Fees Requested**

"The starting point for calculating a reasonable attorney's fee is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate' for the attorneys' services." ACLU of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). "The product of these two figures is the lodestar and there is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve." Bivins v. Wrap It Up, Inc., 548 F.3d 1348 (11th Cir. 2008). While the fee applicant bears the burden "of establishing entitlement and documenting the appropriate hours and hourly rates," the opponent must be reasonably precise in his objections and proof opposing the award. Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1301, 1303 (11th Cir. 1988).[7]

---

[7] The Court evaluates Greenberg's fee request under federal cases dealing with the reasonableness of fee awards generally. See Columbus Mills, Inc. v. Freeland, 918 F.2d 1575, 1577, 1580 (11th Cir. 1990) (noting that in diversity cases state law "controls both the questions of the availability of attorney's fees and the standard to determine when the attorney's fees should be awarded," and applying federal standards for determining reasonableness). Though, the Court notes that in this particular case the outcome would be the same under Georgia law. Georgia cases on attorney's fees focus on the actual fees incurred and the reasonableness of those fees. Abrams v. Putney, 697 S.E.2d 269, 271 (Ga. Ct. App. 2010). In evaluating the reasonableness of the fees incurred, Georgia cases consider a reasonable number of hours expended multiplied by a reasonable rate. See In re Estate of Boss, 668 S.E.2d 283, 285 (Ga. Ct. App. 2008) (affirming fee award based on reasonable rate times reasonable hours); Bienert v. Dickerson, 624 S.E.2d 245, 251 (Ga. Ct. App. 2005) (same). Furthermore, Georgia courts recognize the usefulness of the factors set forth in Johnson. See Rowen v. Estate of Hughley, 611 S.E.2d 735, 738 (Ga. Ct. App. 2005) (affirming a fee award based on the factors set forth in Rule 1.5 of the Georgia Rules of Professional Conduct, which largely mirror the factors set forth in Johnson). Accordingly, under either authority, Greenberg's request should be evaluated based on the reasonable number of hours expended times a reasonable rate, and the factors set forth in Johnson.

Gowen challenges the reasonableness of the fees Greenberg requests. Dkt. Nos. 226, at 2; 257, at 4-8. Specifically, Gowen contends that the rates that form the basis of Greenberg's fee request are not reasonable based on the local market, which Gowen contends is Brunswick, Georgia. Dkt. No. 257, at 5. Moreover, Gowen contends that Greenberg has not shown that its fee request is reasonable in relation to fees charged in similar cases. Id. at 6-7. Gowen also contends that the number of hours expended by Greenberg's counsel is unreasonable and should be reduced. Dkt. No. 226, at 4.

### 1. Reasonable Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 826 F.2d at 1299. "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." Id. (emphasis added). Further, the rate an attorney ordinarily charges "is powerful, and perhaps the best evidence of his market rate." Dillard v. City of Greensboro, 213 F.3d 1347, 1354 (11th Cir. 2000).

The rate charged by Greenberg's counsel is difficult to state with particularity. This matter was complex and involved the work of multiple attorneys, paralegals, and staff. Additionally, Greenberg received a 10% discount on all fees and

Greenberg's counsel capped its fees at $150,000 for certain tasks. The pre-discount, and pre-cap, hourly rates were as follows: Richard H. Sinkfield ($565); Brett A. Rogers ($395); James W. Beverage ($435); Catherine M. Bennett ($425); Kristina M. Jones ($335); Fischer Reed ($265); Leah A. Epstein ($260); Stephanie H. Jackman ($240); Aisha N. Witted ($215); Debra L. Livingston ($215); Patricia G. Benjamin ($210); Robyn D. Garcia ($210); and Casey R. White ($155). However, all of these hourly rates were reduced by ten percent. And because some of the fees were capped at $150,000 total by Greenberg's counsel, many of the hours worked by these individuals were not billed at all. Greenberg has made the argument that the "blended effective billing rate" (the total requested fees divided by the total number of hours worked by these employees) is only $234 per hour.

In any case, Greenberg has presented substantial evidence that the rates its counsel charged were reasonable based on the circumstances of this case, even before the discounts. First, Greenberg's lead counsel testified to the reasonableness of the rates. See Sinkfield Aff. ¶ 33, 38. Second, Greenberg's expert on the reasonableness of attorney's fees stated, "The hourly rates charged by [Greenberg's counsel] are the same or below the comparable rates of law firms in Atlanta with similar clients and experience involving high profile business litigation."

Taylor Aff. ¶ 7.  Greenberg's expert based his conclusions on inquiries made to "a number of Atlanta law firms, which have litigation departments with lawyers who have the same or reasonably comparable skills, experience and reputation as lawyers representing Greenberg."  Id. ¶ 7.  The Court also recognizes, from its own experience, that rates that form the basis of Greenberg's request are in line with prevailing market rates.  See Norman, 836 F.2d at 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.").  Additionally, several of the Johnson factors support an award based on Greenberg's counsel's base rates.[8]  Namely, this case presented a number of novel and complex legal questions; the skill required to perform the work in this case was necessarily high; the potential liability in the suit was exceptional; Greenberg's counsel obtained resounding success for its client; and the

_____

[8] The twelve Johnson factors are useful in determining the reasonableness of an attorney's rate.  Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008); Norman, 836 F.2d at 1299.  The twelve Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

counsel Greenberg employed was experienced and well-respected.
Accordingly, Greenberg has presented sufficient evidence to show
that the rates charged by its counsel were reasonable.

Gowen, however, contends that Greenberg has used the
incorrect locality for determining a reasonable rate, and that
the rates that form the basis of Greenberg's request should be
adjusted downward.  Gowen contends that Brunswick is the correct
market to look to when determining a reasonable hourly rate.
Greenberg disputes Gowen's position, and argues that Atlanta is
the proper market for determining a reasonable hourly rate.[9]
This dispute is immaterial to the Court's ultimate conclusion on
the reasonableness of Greenberg's rates.  As explained below,
the rates that form the basis of Greenberg's fee request are
reasonable based on prevailing market rates in both Atlanta and
Brunswick.

During oral arguments, Gowen took issue with some of the
highest rate attorneys for Greenberg, namely those billing in
excess of $400 per hour.  Mot. Hr'g Tr. 20-21, Dkt. No. 256.
Gowen indicated that the top hourly rate for Brunswick is closer
to $375, as evidenced by the affidavits of counsel for

---

[9] Greenberg's expert testified that Atlanta is the proper market given that he
was "not aware of a firm that has comparable experience, such as
[Greenberg's counsel], in the defense of law firms such as Greenberg" in the
Brunswick area.  Taylor Aff. ¶ 7.  Because the Court concludes that Gowen's
position would have no impact on the recoverable award, the Court need not
address whether there are firms in the Brunswick area that were qualified to
handle Greenberg's case.

AO 72A
(Rev. 8/82)

Greenberg's codefendant Joseph Weingard.  However, even if a
$375 per hour cap was imposed on the rates billed by Greenberg's
attorneys, the Court sees no reason to reduce the fees
requested.  Gowen's contention that certain individuals' hourly
rates exceeded the prevailing market rates is based on the rates
Greenberg's counsel charged pre-discount and without considering
the $150,000 cap on fees.  See Pl.'s Proposed Finding of Facts
and Conclusions of Law, at 5-6 (challenging Greenberg's lead
counsel's rate of $565 per hour compared to Defendant Weingard's
lead counsel's rate of $375 per hour).  If the Court capped all
of Greenberg's stated rates at $375 per hour, the reduction
would only total $36,513.[10]   As noted above, the actual pre-
discount total fees generated by Greenberg's attorneys were
$400,318.  As such, capping the rates of Greenberg's attorneys
would only reduce the actual fee to $363,805.[11]  Greenberg's
requested fee, $272,031.90, is approximately $90,000 below a fee
calculated with a $375 per hour cap.  As such, capping the
hourly rates Greenberg seeks would have no impact on the overall
award.[12]

---

[10] The Court calculates the reduction as follows: Four individuals charged
over $375 per hour: Sinkfield ($565); Rogers ($395); Beverage ($435); and
Bennett ($425).  Capping each of those individuals' rates at $375 per hour,
and multiplying the reduction in rate by the individual's hours results in a
decrease in overall fees of $36,513.00.  Sinkfield ($190 x 89.4) + Rogers
($20 x 157.5) + Beverage ($60 x 101.7) + Bennett ($50 x 205.5) = $36,513.00.

[11] $400,318 - $36,513 = $363,805.

[12] In his affidavit, Richard Sinkfield presents an alternate approach to the
prevailing market rate question.  Sinkfield Aff. ¶ 33.  Mr. Sinkfield shows

The Court finds that Greenberg has presented sufficient evidence to show that the rates charged by its counsel were reasonable. Further, whether the Court looks to the Atlanta market or the Brunswick market to determine the prevailing market rate, the outcome would be the same. Accordingly, the Court sees no reason to reduce Greenberg's request based on its counsel's rate.

### 2. *Reasonable Hours*

Greenberg requests fees associated with 1,162.9 hours of legal work.[13] Initially, it should be noted that Greenberg's lead counsel testified in his affidavit that each individual for whom Greenberg is requesting fees made a direct contribution to the case, and that the hours worked by each individual were reasonable, necessary, and required to complete the work in this case. See generally Sinkfield Aff. Moreover, Greenberg's expert witness testified that the work performed in this case

---

that if prevailing market rates were applied to the thirteen fee-generating employees, then the total award sought would be $276,575.00. Mr. Sinkfield states that "utilizing an $80 per hour rate for non-lawyers, $200 per hour for Associates, $325 per hour rate for Of Counsel lawyers, and $300 per hour for . . . partner, Brett A. Rogers, and $375 per hour for [Mr. Sinkfield]," and multiplying those rates by the number of hours billed by the respective individuals, the total fee would be $276,575.00. Mr. Sinkfield asserts that these rates would be in line with the prevailing rates in the forum, Brunswick, Georgia. Id. (relying on the affidavit of Wallace E. Harrell for the prevailing market rates in Brunswick, Georgia). The Court agrees.

[13] Greenberg claims that its attorneys actually performed 1,176.2 hours of work, but that it is only seeking fees for individuals who billed more than $1,000 total. Therefore, Greenberg has reduced the total number of hours supporting its claim to 1,162.9. Dkt. No. 213, Ex. 1. Also, a significant number of the 1,162.9 hours were non-billable based on Greenberg's negotiated $150,000 cap on certain fees.

AO 72A
(Rev. 8/82)

was reasonable and necessary, based on his review of the docket and bills and conferences with Greenberg's counsel.   Taylor Aff. ¶¶ 5, 8, 10.

Gowen claims that Greenberg's requested fees are based on unnecessary hours, arguing that Greenberg's billing records contain numerous entries for conferences involving multiple attorneys.   Dkt. No. 226, at 4.   Gowen provides an example, stating that Greenberg's bills show two meetings on May 6 and 7, 2010 with at least six attendees.   Gowen claims that these conferences create an inflation of fees.

The Court notes that Gowen's challenge is generalized, asserting broadly that meetings involving six or more attorneys are unreasonable.   Gowen does not explain why a meeting between six attorneys in a $35 million lawsuit is unreasonable.   Nor does Gowen provide any authority for its position.   Greenberg's bills show that the meetings involved Greenberg's lead counsel and other attorneys regarding Greenberg's motion for summary judgment.   Greenberg has placed testimony and detailed bills in the record showing that the hours expended on this and other actions were reasonable.   Moreover, "[t]here is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer."   Norman, 836 F.2d at

1302 (11th Cir. 1988).  Gowen has not sufficiently disputed Greenberg's request as it relates to the meetings occurring on May 6 and 7, 2010.

Gowen further claims that "[s]everal [billing] entries describe work that was never used to advance Greenberg's argument or position in this case."  Dkt. No. 226, at 3.  Gowen provides two examples: (1) work on a motion to strike expert opinions, and (2) preparation of video clips taken from depositions.  Gowen contends that the motion to strike expert opinions was never used and the video clips were never presented to the Court.  Id.

Gowen's challenge to Greenberg's unsuccessful legal work is general in nature.  The Court will not cull through a party's bills searching for potential elements of unsuccessful legal work.[14]  Accordingly, the Court will limit its consideration to the two specific examples to which Gowen points.

Gowen relies on authority stating that "[i]n determining reasonable hours, a court must deduct time spent on discrete and unsuccessful claims."  Dkt. No. 226, at 3 (citing Gray v. Bostic, 625 F.3d 692, 715 (11th Cir. 2010)).  However, the authority Gowen cites was evaluating a request for attorney's

---

[14] Where a fee application is voluminous, a district court is not required to engage in an hour-by-hour review of the request. Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994).  Here, Greenberg's request involves over a thousand hours by fifteen attorneys.  The billing summary is approximately 150 pages.  Greenberg's request is undoubtedly voluminous.

fees under 42 U.S.C. § 1988.   Unlike O.C.G.A. § 9-11-68, the federal statute, § 1988, permits a court to award attorney's fees to a "prevailing party."  The Georgia offer of settlement rule permits awards to winners and losers who make offers of settlement which are rejected.  Indeed, O.C.G.A. § 9-11-68 mandates that a court award attorneys fees to defendants who make offers and later lose on the merits of the case, if the offer was made in good faith and the final judgment is less than 75 percent of the offer.  As such, the Georgia offer of settlement rule plainly contemplates awards of attorney's fees on unsuccessful legal work.  See Essex Builders Grp., Inc. v. Amerisure Ins. Co., 2007 WL 2948581, at *1 n.4 (M.D. Fla. Oct. 10, 2007) ("[I]t makes no sense to limit fee awards under [Florida's offer of judgment rule] to 'successful' arguments. For the same reason, [plaintiff's] argument that [defendant] cannot recover for the hours expended on an unfiled motion to dismiss must fail.").

Despite its lack of authority, Gowen contends portions of the fees are unrecoverable because the work on the motion to strike and the preparation of video clips were not used to "advance Greenberg's argument or position in the case."  To the extent that Gowen's challenge is based on the necessity of this work, the challenge fails.  Greenberg has presented testimony that the fees related to the motion to strike and video clips

were considered reasonably necessary at the time the fees were incurred.  Gowen has not contradicted this testimony. Accordingly, Greenberg's fee request should not be reduced for unsuccessful claims or work that was not filed with the Court.

### C. Additional Challenges

Gowen challenges Greenberg's request on a number of additional grounds unrelated to the reasonableness of Greenberg's request.  The Court addresses each of Gowen's contentions to determine if a valid basis for reducing the award exists.

### 1. Comparison to Gowen's Fees

Gowen protests the amount of Greenberg's fees because it billed far less in litigating the same case, approximately $55,648.50.  The Court does not find the total value of Gowen's fees a persuasive justification for reducing Greenberg's requested fee.  Myriad reasons may exist for why the parties' counsel devoted unequal levels of resources to the same suit. In the end, Gowen's total fee is of little or no relevance. See, e.g., Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983) (noting that both the hourly rate and number of hours of one party is of little use in determining a reasonable award to the opposing side).

AO 72A
(Rev. 8/82)

## 2. *Greenberg's Legal Malpractice Insurance*

Gowen objected to Greenberg's request for attorneys' fees on the grounds that the fees Greenberg incurred were paid, not by Greenberg, but by Greenberg's legal malpractice insurance provider.  Dkt. No. 240.  Gowen's argument is contrary to the language of O.C.G.A. § 9-11-68.  Section 9-11-68(b)(1) requires an award of "attorney's fees and expenses of litigation incurred by the defendant *or on the defendant's behalf*."  (emphasis added).  The language of the Georgia rule contemplates an award of attorneys' fees and expenses paid for by a party other than the defendant.  As such, whether a defendant has insurance that pays any or all of the defendant's attorneys' fees has no bearing on whether the defendant can recover under O.C.G.A. § 9-11-68.  Accordingly, Gowen's argument based on Greenberg's malpractice insurance is denied.[15]

## 3. *Recovery for Paralegal Fees*

Gowen challenges Greenberg's motion for attorneys' fees on the grounds that a portion of the fees requested are attributable to paralegals rather than attorneys.  Dkt. No. 257, at 8.  Gowen disputes approximately $43,000 in paralegal fees incurred by Greenberg.  Neither party has pointed to authority

---

[15] Gowen also moved the Court to order Greenberg to disclose its legal malpractice insurance policy.  Dkt. No. 241.  Because the Court holds that Greenberg's legal malpractice insurance is irrelevant to recovery under O.C.G.A. § 9-11-68, Gowen's motion to order disclosure of Greenberg's policy is denied as moot.

AO 72A
(Rev. 8/82)

holding that O.C.G.A. § 9-11-68 does or does not permit the recovery of paralegal fees.

Paralegal fees are generally recoverable in an attorney's fee award where the paralegal performs "work traditionally done by an attorney." See Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) (affirming an award of law clerk and paralegal fees under the Equal Access to Justice Act).  See also Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 581 (2008) (holding that it is self-evident that 5 U.S.C. § 504(b)(1)(A), which entitles prevailing parties to recover attorney's fees, includes paralegal fees); Missouri v. Jenkins by Agyei, 491 U.S. 274, 289 (1989) (affirming an award of attorneys' fees under 42 U.S.C. § 1988 that included fees attributable to paralegals and law clerks).[16]  Gowen does not provide support for its contrary position that paralegal fees are not recoverable in this dispute.

Moreover, Greenberg states that all the work performed by its paralegals would have been performed by attorneys if it had not been performed by paralegals.  Dkt. No. 259, at 6 (citing Sinkfield Aff. ¶ 27).  Gowen has not disputed Greenberg's claim

---

[16] The Court notes that the result would likely be the same under Georgia law. Though not explicitly ruling on the issue, Georgia cases have discussed the award of paralegal fees under statutes awarding attorney's fees without any hesitation or criticism.  See Ellis v. Stanford, 568 S.E.2d 157, 161 (Ga. Ct. App. 2002) (mentioning the recoverability of paralegal fees in the context of O.C.G.A. § 9-15-14(b)); Santora v. Am. Combustion, Inc., 485 S.E.2d 34, 37-40 (Ga. Ct. App. 1997) (same).

that the disputed work was work that would have otherwise been done by attorneys.  Accordingly, Greenberg is entitled to recover paralegal fees under O.C.G.A. § 9-11-68.

### 4. Period of Recovery

Gowen challenges Greenberg's request for attorneys' fees and expenses incurred after the Court issued its order granting Greenberg summary judgment.[17]  Specifically, Gowen disputes Greenberg's request for fees and expenses incurred between September 3, 2010, the date of the Court's order awarding summary judgment to Greenberg, and November 7, 2010.[18]  Gowen asserts that eliminating this range of fees and expenses would reduce Greenberg's recoverable fees by $38,553.50 and expenses by $7,810.50, for a total of $46,364.[19]

Section 9-11-68(b)(1) states:

---

[17] Gowen relies largely on Wheatley v. Moe's Southwest Grill, LLC, 580 F. Supp. 2d 1324, 1326 (N.D. Ga. 2008), for the principle that the entry of summary judgment closes the period for which Greenberg may recover fees under O.C.G.A. § 9-11-68.  That issue, however, was not before the Wheatley court.  Rather, Wheatley held that fees incurred on appeal were not recoverable fees under O.C.G.A. § 9-11-68.  Gowen's reliance on Wheatley for this point is misguided.

[18] Gowen indicates confusion as to why Greenberg asks for fees up until November 7, 2010.  Dkt. No. 257, at 10 n.10 ("Defendants' assertion that they are entitled to fees and costs incurred through November 7, 2010 is meritless.  The record reflects no entries of a judgment, or any document, on November 7, 2010.").  As the Court understands Greenberg's request, Greenberg asks for fees up until November 7, 2010 merely because it chose that date when it filed its motion for attorneys' fees on January 12, 2011.  Greenberg has continuously asserted that it is entitled to recover fees up until the entry of final judgment on January 13, 2011, but that it is only asking for fees incurred through November 7, 2010.  The Court sees no reason why Greenberg is prohibited from asking for fewer fees than it believes it is entitled to.

[19] Gowen does not explain how it arrived at these figures.

AO 72A
(Rev. 8/82)

> the defendant shall be entitled to recover reasonable
> attorney's fees . . . incurred by the defendant . . .
> from the date of the rejection of the offer of
> settlement through the entry of judgment if the final
> judgment is one of no liability or the final judgment
> obtained by the plaintiff is less than 75 percent of
> such offer of settlement.

Based on the language of the statute, it is necessary to identify the precise date of "the entry of judgment" in order to determine the end date of the recoverable period. Notably, Section 68(b)(1) forecloses the period of recovery upon judgment, not final judgment. Finality is necessary for an award under the statute, but it is not a limitation on the period of recovery

"Judgment" is defined as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). The question, therefore, is whether the Court's September 3, 2010 order was appealable. That order resolved all of Gowen's claims against Greenberg, but it did not resolve the claims against Defendant Biju Abraham. Dkt. No. 185. Where an order resolves all claims against one party, but does not dispose of the claims against other defendants, that order is not appealable. Williams v. Bishop, 732 F.2d 885, 886 (11th Cir. 1984) (concluding that the grant of summary judgment in favor of two of the three named

AO 72A
(Rev. 8/82)

defendants was not an appealable final judgment because it
disposed of "fewer than all the claims or parties").[20]

Because the Court's September 3, 2010 order was not an
order subject to appeal, the order did not constitute a
"judgment." As such, the September 3, 2010 order did not end
the period for which Greenberg could recover attorneys' fees.
Greenberg is entitled to recover fees and expenses incurred up
until the Court entered final judgment as to all claims against
all defendants. That order was entered on January 13, 2011.
Dkt. No. 214. Greenberg's award will not be reduced by the fees

---

[20] Gowen argues that the September 3, 2010 order constituted a judgment for
the purposes of O.C.G.A. § 9-11-68. Dkt. No. 257, at 10. In support of its
position, Gowen points to O.C.G.A. § 9-11-56(h), which states, "An order
granting summary judgment on any issue or as to any party shall be subject
to review by appeal." Gowen contends that under O.C.G.A. § 9-11-56(h), the
Court's September 3, 2010 order would be appealable, and would therefore
constitute a judgment under both Federal Rule of Civil Procedure 54 and
O.C.G.A. § 9-11-54 of the Georgia Civil Procedure Act. Dkt. No. 257, at 10.
Gowen's reliance on the Georgia rule is misplaced. In federal courts, but
for a few exceptions, an order is not appealable unless it resolves all
claims against all parties. Williams v. Bishop, 732 F.2d 885, 886 (11th
Cir. 1984). The direct appeal rule embodied in O.C.G.A. § 9-11-56(h) is in
conflict with the federal final judgment rule stated in Williams v. Bishop.
Accordingly, under the Erie framework, the Court must determine whether the
federal rule is outcome determinative. Specifically, the Court must
determine whether failure to apply state law would have such a significant
impact on the outcome of a case that it would result in unfair
discrimination against citizens of the forum state or be likely to cause a
plaintiff to choose federal court over state court. Esfeld v. Costa
Crociere, S.P.A., 289 F.3d 1300, 1307 (11th Cir. 2002). Application of the
federal final judgment rule would not be unfair to citizens of the forum
state because the rule is citizenship-neutral, and applies equally to
Georgia residents and non-residents. Moreover, application of the federal
rule will not encourage forum shopping because application of the rule has
no discernible favorability to either party. The federal rule merely treats
the grant of partial summary differently than the state rule. Because
either party can move for summary judgment, there is no clear advantage to
any party. In sum, the Court must apply the federal final judgment rule set
forth in Williams v. Bishop, not the Georgia rule.

and expenses incurred after the Court's summary judgment order, but before the entry of final judgment.

### E. Conclusion

Greenberg has submitted sufficient evidence to establish both a reasonable rate and reasonable number of hours to support its attorneys' fee request under O.C.G.A. § 9-11-68.  Greenberg is entitled to recover $272,031.90 in attorneys' fees. Greenberg has also submitted sufficient evidence to recover its expenses incurred during the relevant time.  Greenberg is entitled to recover $9,230.25 in expenses.  Gowen has not put forth any valid challenge to Greenberg's request that would warrant a reduction in the fees and expenses requested.  In sum, Greenberg is entitled to recover both fees and expenses under O.C.G.A. § 9-11-68.  The total combined award of fees and expenses is $281,262.15.

## II. Motion for Costs

Greenberg also moves separately for costs pursuant to Federal Rule of Civil Procedure 54.  Dkt. No. 254.  Greenberg submitted a timely bill of costs supporting its motion.  Dkt. No. 203.  Greenberg seeks $35,577.54 in costs.  Gowen objected to Greenberg's bill of costs, arguing that $8,648.43 of the requested costs is attributable to videotaping ten depositions. Dkt. No. 204.  Gowen contends that these costs are not

recoverable because the videotaping was only for Greenberg's convenience and was not necessary.  Id.  Gowen emphasizes that the videotaped portions of the depositions were not submitted to the Court, and therefore could not have been used in the case. Notably, Gowen does not challenge whether the costs of videotaped depositions are recoverable generally, but rather contends that these specific video recordings were not necessary and were not used in this case.

It is the non-prevailing party's burden to demonstrate that a challenged cost is not taxable under Rule 54.  See Davis v. Williams, 2010 WL 1955935, at *1 (S.D. Ga. 2010).  Moreover, a deposition need not actually be used at trial to be recoverable under Rule 54.  If the "deposition appeared to be reasonably necessary to the parties in light of the particular situation at the time it was taken" the prevailing party may be awarded the cost of that deposition.  Helms v. Wal-Mart Stores, Inc., 808 F. Supp. 1568, 1571 (N.D. Ga. 1992) (emphasis in original).

Gowen concedes that "stenographic transcripts may have been useful for crafting [Greenberg's] summary judgment and brief." Dkt. No. 204, at 3.  Moreover, despite Greenberg's notice that the depositions would be videotaped and stenographically recorded, Gowen made no objection to the videotaping of the deposition.  Accordingly, Gowen has not carried its burden to demonstrate that videotaping the depositions was not reasonably

necessary at the time they were taken.  Gowen's objection to the costs for videotaping the depositions is denied.

Gowen's only objection to Greenberg's bill of cost was the objection to videotaping costs.  Because that objection is denied, Greenberg is entitled to the full $35,577.54 requested. Greenberg's motion is granted in full.

## CONCLUSION

For the reasons stated above, Greenberg's Motion for Attorneys' Fees pursuant to O.C.G.A. § 9-11-68 is **GRANTED**. Greenberg is entitled to recover $281,262.15 in fees and expenses on its motion.

Also, Greenberg's Motion for Costs pursuant to Federal Rule of Civil Procedure 54 is **GRANTED**.  Greenberg is entitled to recover $35,577.54 in costs on that motion.

**SO ORDERED**, this 30th day of March, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)